## No. 11,884.

### BROWN v. CRISWELL.

Decided February 14, 1928.  Rehearing denied March 5, 1928.

Action for alienation of affections.  Judgment for plaintiff.

### *Affirmed.*

1.  ALIENATION OF AFFECTIONS—*Limitations—Sufficiency of Evidence.*  In an action for alienation of affections of plaintiff's husband, evidence held legally sufficient to sustain a finding that the action was commenced within a period of six years after the commission of the alleged wrong.

2.  APPEAL AND ERROR—*Fact Findings.*  A jury finding supported by legal and competent evidence will not be disturbed on review.

*Error to the District Court of Routt County, Hon. Charles E. Herrick, Judge.*

Messrs. GOODING & MONSON, for plaintiff in error.

Mr. W. C. REILLY, Mr. J. F. MEADOR, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff, Mrs. Criswell, a married woman, brought this action against the defendant, Mrs. Brown, a widow, to recover damages for the alienation by defendant of the affections of the plaintiff's husband.  The jury's verdict was for $2,000 against the defendant on which judgment was entered.  Defendant asks to have the judgment set aside.  Only two of the errors assigned have been discussed by the defendant.  They are:  (1) That

the action is barred by our six years statute of limitations; (2) that the evidence is insufficient to sustain the findings of the jury and the court's judgment entered thereon.

The complaint was filed June 12, 1926. The evidence is legally sufficient to sustain the jury's finding that the action was brought within the period of six years after the alleged wrong of the defendant. We cannot disturb this finding.

Even if it be conceded, as it is not, that the reviewing judges, or some of them, if sitting as triers of fact, might not have made the same finding that the jury did, this, of itself, would not be a justification, under our established rule, for setting aside the jury's finding, if there is legal and competent evidence sufficient to sustain the same. The record does not contain even such a suggestion, and the able counsel for the defendant have not indicated any questionable ruling of the trial court in admitting or rejecting testimony, or any error in instructions given to the jury, or refusal to instruct, the tendency of which could have been to contribute to an improper verdict. Indeed, if any complaint lies to any ruling made during the course of the trial, plaintiff, not defendant, is the party who might complain of it. Notwithstanding the fact that error has not been assigned to instructions or rulings on evidence, we have read all the evidence in the case and the instructions with a view better to determine if, hidden away in the record, there is anything which has caused injury to the defendant, and we have done so because the vigorous brief of the defendant assails the findings upon the ground that the evidence is manifestly lacking in that fullness and definiteness essential to a recovery in an action of this character. As might be expected the defendant at the trial denied the testimony in behalf of the plaintiff that tended to make out the case of alienation set forth in the complaint. Unquestionably there is, however, as we read this record, evidence which tends to establish the essential facts alleged in the complaint, just as there is evidence tending to establish the

denials of the answer. Possibly just such another case will never come before the courts, and it is doubtful if any extended discussion of the evidence would be of any benefit in future cases of like character. The record furnishes convincing evidence that the trial judge was fully aware of the law applicable to the case. We say this because the instructions are so manifestly fair that the jury could not have been misled as to the kind of evidence that was required to sustain the plaintiff's cause of action. The trial judge was in much better position to pass upon the credibility of the witnesses than we are, and the jury had full opportunity for determining, in the conflict of the testimony, what witnesses were telling the truth. It is enough, therefore, to say that since the evidence is legally sufficient, if believed by the jury, to sustain its verdict, we cannot, in view of the approval of that finding by the trial judge, disturb or vacate it. The judgment is therefore affirmed.

MR. JUSTICE WALKER not participating.